IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

THOMAS SANTONIA,

       Plaintiff,

v.                                              **Case No:**   2:23-cv-00308

CORRECTIONAL OFFICER DALLAS RAMSEY,
CORRECTIONAL OFFICER JOHNNY WILSON,
CORRECTIONAL OFFICER MICHAEL PETROSKY,
And JOHN/JANE DOES,

       Defendants.

## COMPLAINT

Comes now the Plaintiff, Thomas Santonia, by and through counsel, Stroebel & Stroebel, P.L.L.C., and for his complaint against the above-named Defendants, states as follows:

1.      Plaintiff, Thomas Santonia (hereinafter, "Plaintiff"), is a citizen and resident of West Virginia that was incarcerated at Mount Olive Correctional Complex and Jail.  Plaintiff is currently not incarcerated.

2.      Defendant, Correctional Officer Dallas Ramsey, was employed by the West Virginia Division of Corrections and Rehabilitation (hereinafter WVDOCR) as a correctional officer at Mount Olive Correctional Complex and Jail (hereinafter MOCC) that used unwarranted and excessive force against the plaintiff.

3.      Defendant, Correctional Officer Johnny Wilson, was employed by the West Virginia Division of Corrections and Rehabilitation (hereinafter WVDOCR) as a correctional officer at Mount Olive Correctional Complex and Jail (hereinafter MOCC) that used unwarranted and excessive force against the plaintiff.

4.      Defendant, Correctional Officer Michael Petrosky, was employed by the West

Virginia Division of Corrections and Rehabilitation (hereinafter WVDOCR) as a correctional officer at Mount Olive Correctional Complex and Jail (hereinafter MOCC) that used unwarranted and excessive force against the plaintiff.

5.      Defendants John/Jane Does were Correctional Officers that were involved in the excessive use of force incident discussed herein.

6.      Defendants herein were conducting the intake of plaintiff when they accused plaintiff of being on drugs[1].  Defendant Wilson began to cuss plaintiff and call him a liar. Plaintiff told Wilson that there was no reason to disrespect him.  As plaintiff was getting off the exam table, he was physically attacked by the defendants.  Plaintiff's head was slammed, his body was kicked and stomped, and plaintiff was tazed 3 times.  At no time did plaintiff resist defendants or fail to follow orders.  Defendants proceeded to taze plaintiff, twist his fingers and wrists, thereby dislocating plaintiff's finger.  This injury required outside medical attention.  The excessive acts and omissions of the defendants directly resulted in plaintiff being injured. Plaintiff affirmatively states that he has exhausted his administrative remedies and further states that he is no longer incarcerated.  Plaintiff also lost good time that resulted in longer incarceration.

7.      Defendants also attempted to cover up their wrongful conduct by filing false reports.  Plaintiff further asserts that he is seeking damages from the defendants up to an amount commensurate with the amount of insurance coverage when applicable to the claims made herein.  All individual defendants are being sued in their individual capacities and were acting under the color of state law at all times relevant herein.

8.      All events and occurrences alleged herein occurred in the State of West Virginia.

---

[1] Plaintiff was being examined by a nurse and was undergoing an EKG just prior to the beating.

**FACTS**

9.      Plaintiff incorporates by reference and realleges each and every allegation contained in Paragraphs 1 through 8 as if set forth herein.

10.     At all times relevant herein, Plaintiff was an inmate at MOCC.  Defendants were at all times acting within the scope of their employment and under the color of state law. Defendants became angry with plaintiff when his EKG was abnormal.  Defendants accused plaintiff of being on drugs.  Defendants also began to curse plaintiff and call him a liar.  As plaintiff was attempting to get off the exam table, he was struck and knocked to the floor by the defendants who continued to punch and kick plaintiff.

11.      Defendant Wilson also tazed plaintiff while twisting his finger, thereby dislocating it.  Defendants' use of force was unnecessary and excessive.

12.     The excessive conduct of defendants should be on a video recording.  Defendants, while tazing plaintiff made comments to plaintiff that were malicious in nature and that they would teach plaintiff a lesson.

13.     Defendants' conduct, carried out under the color of state law, violated WVDOCR policy which addresses the duty to protect inmates from harm as well as the use of force policy adopted by the WVDOCR.  This conduct also violated plaintiff's right to be free from excessive physical force in violation of the Eighth Amendment to the United States Constitution.   At no time was plaintiff a threat to the defendants and at no time did plaintiff fail to follow orders of the defendants.  Defendants filed false reports in an attempt to cover up their conduct.

**COUNT I –OUTRAGEOUS CONDUCT**

14.     Plaintiff re-alleges and incorporates paragraphs 1 through 13 above as if fully set forth herein.

15.     Defendants beat and tazed plaintiff and dislocated plaintiff's finger.  Defendants injured plaintiff while using excessive force against plaintiff when he was handcuffed and shackled.  This conduct caused plaintiff serious emotional distress and physical pain.  No person should be subjected to such outrageous conduct.  Defendants would have known that such conduct was likely to cause severe emotional distress.

16.     Defendants are liable for their inappropriate conduct and the use of excessive force against plaintiff and the resulting severe emotional distress.

17.     As a result of the aforementioned wrongful conduct, Plaintiff has suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been greatly damaged through defendants' violation of his rights and is therefore entitled to compensatory damages as well as punitive damages from defendants as well as and attorney fees and costs pursuant 42 U.S.C.§ 1988.

## COUNT II- VIOLATION OF 42 USC §1983

18.     Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set forth herein.

19.     Defendants used excessive force against Plaintiff when they punched, kicked and tazed plaintiff and also dislocated his finger, when plaintiff did not pose a threat to himself, the officers or others.  This conduct was unwarranted, unnecessary and unjustified. Defendants' actions were done to Plaintiff under the color of the law of the State of West Virginia.  The conduct described herein deprived plaintiff of his rights and privileges under the Constitution of the United States of America.  At no time did defendants employ any efforts to temper. Defendants' conduct was excessive and is cruel and unusual punishment.

20.     The excessive force used against Plaintiff by WVDOCR's employees was in

violation of Plaintiff's rights under the Eighth Amendment of the United States Constitution.

The conduct as described herein was unwarranted and amounts to cruel and unusual punishment.

21.    The conduct of Defendants was so egregious and outrageous, so as to constitute

an abuse of power in violation of Plaintiff's rights under the Eighth Amendment.    Further,

Defendants' acts, as set forth herein, were done while acting under the color of state law.

Defendants failed to employ any efforts to temper.    Defendants further lied in their incident

reports in an attempt to cover-up their wrongful conduct.    Defendants would have known that

their conduct violated plaintiff's constitutional rights as a result of legal precedent and their

training.    Defendants' unconstitutional conduct included the following:

a)    punching and kicking plaintiff and tazing without just cause;

b)    dislocating plaintiff's finger without just cause;

c)    tazing plaintiff without just cause;

d)    fabricating incident reports to hide their wrongdoing;

e)    conspiring with each other to cover-up their wrongful conduct.

22.    As a result of the aforementioned violation of plaintiff's civil rights, Plaintiff has

suffered mental anguish, embarrassment, humiliation and physical injury and has otherwise been

greatly damaged through defendant's violation of his rights and is therefore entitled to

compensatory damages as well as punitive damages against defendants as well as attorney fees

and costs pursuant to 42 U.S.C.§ 1988.

## COUNT III – CONSPIRACY TO CONCEAL WRONGFUL CONDUCT

23.    Plaintiff realleges and incorporates paragraphs 1 through 22 above as if fully set

forth herein.

24.    The individual defendants herein, conspired with each other to write incident

reports that falsified various events described herein.    Video review will establish that

Defendants' reports were false. Defendants' failure to do so was intentional and part of their effort to conceal their wrongful conduct. Defendants' write-ups also resulted in plaintiff losing good time. This resulted in a longer time of incarceration.

25.      Plaintiff has been severely damaged as a result of this conspiracy.

WHEREFORE, for the reasons set forth in this Complaint, and for such other and further reasons as are apparent to this Honorable Court, Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendants, jointly and severally, and requests that the Court award damages including, but not limited to, physical injury, medical expenses, damages for emotional and mental distress and punitive damages, court costs, pre-judgment interest, post-judgment interest, attorney's fees and expenses.

PLAINTIFF DEMANDS A TRIAL BY JURY.

THOMAS SANTONIA,
By Counsel,


/s/ Paul M. Stroebel
Paul M. Stroebel (WV Bar #5758)
Attorney for Plaintiff
Stroebel & Stroebel, PLLC
405 Capitol Street; Suite 102
P.O. Box 2582
Charleston, WV 25329
Telephone: (304) 346-0197
Fax: (304) 346-6029
E-mail: paulstroeb@aol.com